*E-Filed 4/11/12*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| MANSE SULLIVAN, | No. C 09-3690 RS (PR) |
| Petitioner, | **ORDER GRANTING MOTION TO REOPEN THE ACTION;** |
| v. | **ORDER TO SHOW CAUSE** |
| NORM KRAMER, Warden, | |
| Respondent. | |

## INTRODUCTION

This is a federal habeas corpus action filed by a *pro se* federal prisoner pursuant to 28 U.S.C. § 2254. Petitioner's motion to dissolve the stay and reopen the action (Docket No. 20) is GRANTED. The stay is hereby DISSOLVED and the action REOPENED. The Clerk shall reopen the action. A later-filed action (11-2312 RS) is duplicative of the instant matter. The Court will dismiss that action and adopt its order to show cause as the operative one here.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Petitioner challenges a 2006 determination by the Santa Clara County Superior Court that he is a sexually violent predator ("SVP") under California law. As grounds for federal habeas relief, petitioner claims that (1) the evaluators have a duty to follow the standard assessment protocol; (2) the evaluators' clinical handbook is the fruit of the poisonous tree; (3) the diagnosis of rape is not a diagnosable mental disorder with the Diagnostic of Statistical Manual; (4) his civil commitment is based on an invalid and illegal protocol, and therefore violates his procedural and substantive due process rights; (5) his civil commitment is the product of fraud; (6) because rape is not a diagnosable mental disorder his civil commitment constitutes false imprisonment; (7) his commitment creates an extreme miscarriage of justice; (8) his commitment violates the Double Jeopardy Clause; (9) his commitment would not exist but for the fraud; (10) his commitment violates the Ex Post Facto and Due Process Clauses. Liberally construed, the sole cognizable claims are as follows: petitioner's civil commitment violates his rights under the (1) Due Process Clause because it is not based on sufficient evidence; and under the (2) Double Jeopardy, and (3) Ex Post Facto Clauses.

**CONCLUSION**

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)**

days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claim. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. The Clerk is directed to reopen the action, and to terminate Docket No. 20.

**IT IS SO ORDERED**.

DATED: April 10, 2012

_____
RICHARD SEEBORG
United States District Judge