*E-Filed 11/26/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MANSE SULLIVAN,

    Petitioner,

  v.

NORM KRAMER,

    Respondent.

No. C 09-3690 RS (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

Petitioner seeks federal habeas relief from his civil detention under California's Sexually Violent Predator Act ("SVPA"), Welf. & Inst. Code ("CWIC") §§ 6600–04, as amended in 2006 by SB1128 and Proposition 83. For the reasons set out below, the petition for such relief is DENIED.

## BACKGROUND

Petitioner is civilly committed at Coalinga State Hospital as a sexually violent predator ("SVP"). An SVP is an individual "who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." CWIC § 6600(a). SVPA procedural

safeguards include a requirement that the accused receive diagnoses from two psychiatrists or psychologists, assistance of counsel, trial by jury on proof beyond a reasonable doubt, and a unanimous verdict. *Hubbart v. Knapp,* 379 F.3d, 773, 781 (9th Cir. 2004); CWIC §§ 6602, 6604.

In July 2005, the Santa Clara District Attorney filed a petition in state court to extend petitioner's civil detention.[1] Prior to the detention trial, the SVPA was amended to provide for an indeterminate term of commitment, and the District Attorney subsequently filed an amended petition, reflecting the statutory amendment.[2] At the trial, two psychiatrists, Drs. Korpi and Starr, testified that petitioner, who had raped five victims between 1968 and 1984, had paraphilia not otherwise specified ("NOS"), a generalized chronic and lifelong sexual disorder manifested by a habitual urge to have sex with unconsenting adults. Korpi also testified that petitioner refused to participate in therapy out of the belief that he does not have a problem. Based on this and other evidence, Korpi opined that petitioner was likely to engage in criminal sexual behavior if released. The jury found the petition true, and the court extended his commitment for an indefinite period.

Petitioner was denied relief on state judicial review. As grounds for federal habeas relief, petitioner alleges that his commitment violates the (1) Due Process, (2) Ex Post Facto, and (3) Double Jeopardy Clauses.[3]

---

[1] Petitioner's civil commitment began in November 1999, and was extended in 2001, 2003, and 2005.

[2] The SVPA, as originally enacted, required the state to file a petition to extend an SVP's civil commitment every two years.

[3] Petitioner also contends that he was denied his Sixth Amendment right to a fair jury because the trial court continued the trial for two weeks, and dismissed a jury venire, to determine whether the jury venire had been randomly selected. The prosecutor had moved for time to investigate because 74% of the jurors who remained after excusals for hardship and for stipulated cause were 23 years old. Two weeks later, after an investigation, the trial court determined that there was no impropriety, and jury selection restarted with a new jury pool. The state appellate court concluded that there was good cause for a continuance and a dismissal of the venire, and denied the claim. (Ans., Ex. 9 at 2–6.) This Court concludes that such decision was reasonable, and is entitled to AEDPA deference. Petitioner alleges that youth is not a protected category, and therefore the motion for a continuance was meritless. This is insufficient to state a claim for a violation of his Sixth Amendment rights. First, the odd result that all

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407–09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412–13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be

---

remaining jurors were 23 years old was sufficient cause to justify an investigation. The continuance, then, was a reasonable exercise of the trial court's discretion. Also, such a continuance was an effort to preserve petitioner's right to a fair and impartial jury, not to impede it. Second, petitioner has made no showing (nor even alleged) that the jury ultimately seated was other than a panel of "impartial, indifferent jurors." *Harris v. Pulley*, 885 F.2d 1354, 1361 (9th Cir. 1988). Third, petitioner has shown no prejudice, such as loss of evidence, resulting from the delay. *United States v. Gregory*, 322 F.3d 1157, 1163–64 (9th Cir. 2003). Fourth, the venire was dismissed so as not to inconvenience the parties or prospective jurors, rather than for an unconstitutional purpose. This claim is DENIED.

"objectively unreasonable" to support granting the writ. *Id.* at 409. Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322 at 340; see *also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

## DISCUSSION

### I. Sufficiency of the Evidence

Petitioner claims that his commitment violates due process because it was based on insufficient evidence. More specifically, petitioner argues that there was insufficient evidence to show that paraphilia NOS is a mental disorder, or that a "rape diagnosis" is sufficient to justify his detention. This claim was summarily denied by the state supreme court.

As noted above, two psychologists, Drs. Korpi and Starr, testified as expert witnesses for the state at petitioner's commitment trial. Korpi and Starr (1) diagnosed petitioner with paraphilia NOS, meaning that he was excited by having an unconsenting victim, and (2) asserted that he was likely to reoffend. (Ans., Ex. 2 at 281, 525.) The defense presented two expert witnesses, Drs. Davis and Alumbaugh, who both testified that paraphilia NOS <u>is</u> a valid diagnosable mental disorder, *id.* at 566, 725, though they did not believe that petitioner had such a disorder, *id.* at 605, 730–32. Rather than paraphilia, Dr. Davis believed that petitioner seems to be motivated by general criminality and impulsivity. (*Id.* at 579–605.) Dr. Alumbaugh testified that petitioner was a career criminal and serial rapist. (*Id.* at 730–32.)

In order to comply with constitutional requirements, the state must show that petitioner has serious difficulty in refraining from criminal sexual violence. *Kansas v. Crane* 534 U.S. 407 (2002). This standard does not require "total or complete lack of control," but "there must be proof of serious difficulty in controlling behavior . . . [in order] to distinguish the dangerous sexual offender whose serious mental illness, abnormality, or disorder subjects

him to civil commitment from the dangerous but typical recidivist convicted in an ordinary criminal case." *Id.* at 411–13. Such a finding is supported by sufficient evidence if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The Supreme Court recently emphasized the high bar *Jackson* sets for petitioners, stating that it, "leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences,'" that are not, "so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson,* 132 S. Ct. 2060, 2064–65 (citing *Jackson*, 443 U.S. at 319).

The testimony from Kopi and Starr at petitioner's trial satisfied *Jackson*. Both Kopi and Starr are licensed doctors and met personally with petitioner on multiple occasions prior to diagnosing him with paraphilia NOS. (Ans., Ex. 2 at 195, 464.) The jury's finding based on such evidence does not fall below the threshold of bare rationality. Furthermore, this Court must presume that the jury resolved any conflicts in the evidence (such as the contrary testimony of the defense witnesses) in favor of the prosecution, and must defer to that resolution. *Jackson*, 443 U.S. at 326. Accordingly, petitioner's due process claim is DENIED. Furthermore, the ample evidence demonstrates that the state appellate court's rejection of the claim was reasonable, and therefore such decision is entitled to AEDPA deference.

## II. Ex Post Facto

Petitioner claims that the changes to the SVPA violated the Ex Post Facto Clause by eliminating the biannual judicial proceeding previously required to extend an SVP's commitment. The state appellate court rejected this claim, concluding that the SVPA was a non-punitive statute, and as a result, petitioner's confinement under the act did not implicate the Ex Post Facto Clause's ban on retroactive increases in the amount of punishment attached to a crime. (Ans., Ex. 9 at 16–20.)

The Ex Post Facto Clause applies only to punishment for criminal acts, whether punishment for an act not punishable at the time it was committed, or additional punishment to that then prescribed. *Collins v. Youngblood*, 497 U.S. 37, 42 (1990). To determine what constitutes punishment in an ex post facto claim analysis, the Supreme Court has applied the double jeopardy "intent-effects" test set out in *United States v. Ward,* 448 U.S. 242, 248–249 (1980); *see also Smith v. Doe*, 538 U.S. 84, 92 (2003). The two-pronged *Ward* test requires that the court inquire (1) whether the legislature intended to impose punishment and, if not, (2) whether the sanction is so punitive in purpose or effect as to negate the state's intent to deem it civil. *Smith*, 538 U.S. at 92. The Court shall reject the legislature's intent under the second "effects" prong only where there is "the clearest proof" to support such a finding. *Id.*

The SVPA is a non-punitive statute under the initial intent prong of the *Ward* test. First, the SVPA is placed within CWIC, rather than California's criminal code, differentiating it from the state's laws intended to punish criminal acts. Second, language in Proposition 83 described the SVPA as designed to "commit and control" as opposed to "punish." (Ballot Pamp., Gen Elec. (Nov. 7, 2006) text of Prop. 83, § 2(h), p. 127.) The people of California approved Proposition 83 in 2006, amending the SVPA and thus expressing their intent that it serve as a civil commitment statute rather than a mechanism to punish criminal conduct. Moving to the second prong of the *Ward* test, the SVPA's effects are not so punitive as to overcome the act's civil intent. In assessing a law's effects, the Court shall consider the following seven-factor test:

> Whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of scienter, whether its operation will promote the traditional aims of punishment — retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned . . . .

*Kennedy v Mendoza-Martinez*, 372 U.S. 144, 168–69 (1963); *see, e.g., Smith v. Doe*, 538 U.S. 84, 95–105 (2003).

The seven-factor test set out in *Mendoza-Martinez* indicates that the SVPA's effect is non-punitive. Under factors one and two, while the SVPA involves an affirmative disability or restraint, civil commitment of sexually violent predators has been historically regarded as a legitimate non-punitive governmental objective. *Kansas v. Hendricks*, 521 U.S. 346, 363 (1997). Under factor three, SVPA commitment is based upon a currently "diagnosed mental disorder" rather than on a finding of scienter. CWIC § 6600(a)(1), (c).

Factor four is not supportive of petitioner's position because the SVPA cannot be said to serve the penological purpose of deterrence or retribution. First, the SVPA does not deter because commitment is contingent on the inability to control sexually violent urges. The threat of commitment is not likely to deter SVP's from sexually violent crime because they, by definition, cannot control their impulses. Second, the lack of a scienter requirement in the SVPA suggests that the statute is not intended to promote the penological purpose of retribution.

Under factor five, the behavior to which the SVPA applies is not a crime because being diagnosed with a mental disorder is not a crime. Finally, under factors six and seven, the duration of an SVPA commitment is both related to the act's rehabilitative purpose and not excessive because commitment is conditional upon a current mental disorder. CWIC §§ 6605, 6608. The former may not survive without the latter. In sum, consideration of all seven *Mendoza-Martinez* factors strongly suggests that the SVPA's effects are civil.

It is important to note that the Supreme Court denied a habeas challenge in circumstances similar to those presented by petitioner's ex post facto claim. In *Hendricks*, cited above, the Supreme Court upheld a Kansas civil commitment statute under the *Ward* "intent-effects" test. The Court reasoned that the potential for indefinite confinement showed the rehabilitative, rather than punitive, purpose of the statute. *Hendricks*, 521 U.S. at 361–362. Additionally, the statute did not have a retroactive effect because confinement was conditioned upon a determination that the person was currently suffering from a mental disorder. *Id.* The SVPA mirrors the Kansas statute in that there is a potential for indefinite

confinement and that commitment lasts only so long as the detainee suffers from an ongoing, diagnosed mental disorder.

Accordingly, petitioner's ex post facto claim is DENIED. Furthermore, the record demonstrates that the state appellate court's rejection of the claim was reasonable, and therefore such decision is entitled to AEDPA deference.

### III. Double Jeopardy

Petitioner claims that his SVPA commitment trial violates the Double Jeopardy Clause. The state appellate court concluded that as a civil commitment statute, the SVPA does not apply to the Double Jeopardy Clause's ban on multiple punishments for the same offense. (Ans., Ex. 9 at 16.)

Conduct may be subject to both a criminal penalty and a separate civil remedy without running afoul of the Double Jeopardy Clause's prohibition on multiple criminal punishments for the same offense. *Hudson v. United States*, 522 U.S. 93, 99 (1997). In *Hendricks,* the Court rejected a Double Jeopardy claim because the challenged statute was based on "the stated purposes of the commitment, namely, to hold the person until his mental abnormality no longer causes him to be a threat to others." *Hendricks,* 521 U.S. at 363.

Petitioner's double jeopardy claim is without merit. He specifically asserts that the indeterminate nature of his commitment differentiates his claim from *Hendricks* because the statute challenged in *Hendricks* included an annual judicial review. Ex. 3 at 39. Denial of the double jeopardy claim in *Hendricks* was not dependent on the annual judicial review contained in the Kansas statute. In fact, the Supreme Court noted the potential for indeterminate commitment as an indication that the statute in *Hendricks* was civil. *Hendricks,* 521 U.S. at 347. Nor does the lack of such a review in the SVPA alone alter its non-punitive nature. The duration and purpose of confinement under the SVPA are commensurate with that of the statute upheld in *Hendricks* because commitment lasts only as long as an SVP is a threat to others. *Id.* at 348. Petitioner's indeterminate term of confinement is merely theoretical because commitment is terminated once he no longer

suffers from a medically diagnosed mental disorder, and as he himself admits, "mental illness is not necessarily a permanent . . . condition." Pet. at 17. Accordingly, petitioner's double jeopardy claim is DENIED. Furthermore, the record demonstrates that the state appellate court's rejection of the claim was reasonable, and therefore such decision is entitled to AEDPA deference.

## CONCLUSION

The state court's adjudication of petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals. The Clerk shall enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED**.

DATED: November 26, 2012

RICHARD SEEBORG
United States District Judge